**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

THE NEW AMERICAN CINEMA GROUP, INC.,  :
                                      :

                       *Plaintiff,*      :     Civil Action No. _____
                                        :

     -against-                     :
                                        :

P8H, INC. d/b/a PADDLE8, VALENTINE    :     Removed from:
UHOVSKI, RAMESHKUMAR GANESHAN,   :     Supreme Court of the State of
and MICHAEL MCCLELLAN,             :     New York, County of New York
                                        :

                    *Defendants.*    :

-------------------------------------------------------------x

**<u>NOTICE OF REMOVAL UNDER RULE 9027 OF THE</u>**
**<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

TO:   THE JUDGES OF THIS UNITES STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF NEW YORK

     Megan E. Noh, as Chapter 11 Trustee (the "<u>Trustee</u>") of debtor P8H, Inc., d/b/a Paddle 8,

a defendant in the above-captioned action (the "<u>Removing Defendant</u>"), gives notice of removal

of the entirety of the above-captioned pending civil action from the Supreme Court of the State of

New York, County of New York, to the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. §§ 1334(b) and 1452, and Rule 9027 of the Federal Rules of

Bankruptcy Procedure ("<u>Bankruptcy Rules</u>").

     As grounds for removal, Removing Defendant states as follows:

**<u>Preliminary Statement</u>**

     1.     On March 10, 2020, The New American Cinema Group, Inc. (the "<u>Plaintiff</u>")

commenced a civil in the Supreme Court for the State of York, County of New York, entitled *The*

*New American Cinema Group, Inc. v. P8H, Inc. d/b/a Paddle8, et al.*, Index No. 651594/2020

("NACG Action")   The Removing Defendant has not filed an answer in the NACG Action by reason of the automatic bankruptcy stay applicable to the NACG Action, as described below.

2.      In the Complaint, the Plaintiff asserts causes of action for monetary damages in connection with the Removing Defendant's alleged default in paying obligations to the Plaintiff stemming from a charity art auction.  The Plaintiff filed a proof of claim in the Removing Defendant's currently pending bankruptcy case in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  Plaintiff's proof of claim is predicated on the same facts underlying the NACG Action.

3.      The Complaint also names as defendants Valentine Uhovski, the Removing Defendant's former Chief Executive Officer ("Uhovski"), and two other officers and directors of the Removing Defendant, against which Plaintiff also asserts causes of action for breach of duties and related conduct.  The co-defendants' potential liability may be covered by the Removing Defendant's directors' and officers' insurance policy ("D&O Coverage").

4.      In the Removing Defendant's bankruptcy case, the Official Committee of Unsecured Creditors commenced an adversary proceeding against defendant Uhovski in early May 2020 which asserts similar claims against Uhovski as Plaintiff asserted in the NACG Action (the "Committee Action").  The Committee Action implicates the same D&O Coverage, which has a finite limit.  The Trustee believes that removal of the NACG Action is advisable in order to preserve the rights of the Removing Defendant's bankruptcy estate in the D&O Coverage, and to administer the duplicative claims of the Complaint and the Proof of Claim in a single forum.

5.      Finally, defendant Rameshkumar Ganeshan is the Removing Defendant's controller and last remaining employee.  His employment has been continued by the Trustee because his services have been essential to the Trustee in administering the bankruptcy estate.  Mr.

2

Ganeshan is familiar with the Removing Defendant's business and financial records, and has been

performing a variety of necessary financial and business functions requested of him by the Trustee.

6.      Removal of the NACG Action is appropriate because this Court maintains "arising

under" and "related to" bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1452(a).

## Bankruptcy Jurisdiction

7.      On March 16, 2020, Removing Defendant filed a voluntary petition for relief under

Chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the Southern District of New York (the "Bankruptcy Court").  The Debtor's case is

pending in the Bankruptcy Court as *In re P8H, Inc., d/b/a Paddle 8*, Case Number 20-10809 (the

"Bankruptcy Case") before Honorable Stuart M. Bernstein, United States Bankruptcy Judge.

8.      The Trustee was appointed by order of the Bankruptcy Court entered on May 8,

2020 [Bankr. ECF No. 43].  The Trustee is a statutory fiduciary holding, in that capacity, the

Removing Defendant and the property of its bankruptcy estate.

9.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b),

which provides that United States District Courts shall have jurisdiction over all civil proceedings,

"arising under" or "related to" cases under title 11 of the Bankruptcy Code.

10.     The causes of actions asserted by Plaintiff in the NACG Action are "core

proceedings" within the meaning of, *inter alia*, 28 U.S.C. § 157(b)(2)(B), (C), (E), and (O) in that

they involve, *inter alia*, (i) allowance or disallowance of claims against the Removing Defendant's

bankruptcy estate, (ii) counterclaims by the Removing Defendant for the benefit of the Removing

Defendant's bankruptcy estate; and (iii) other matters pertaining to the liquidation of the assets of

the estate and the adjustment of the debtor-creditor relationship.

11.     Alternatively, the causes of action in the NACG Action are "related to" to the
Bankruptcy Case because:

   a.  Plaintiff is seeking a judgment against the Removing Defendant, which "could
       conceivably have" an effect on the Removing Defendant's bankruptcy estate;

   b.  An award of judgment in favor of the Plaintiff, which "could conceivably have"
       an effect on the Removing Defendant's bankruptcy estate.

See In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992) ("The test . . . is whether [the
litigation's] outcome might have any conceivable effect on the bankrupt estate.").  An action is
"related to" a bankruptcy proceeding even when the claims are between third parties.  Celotex
Corp. v. Edwards, 514 U.S. 300 (1995) (resolving a circuit split by holding that a dispute between
parties other than the debtor may be "related to" a bankruptcy proceeding although the debtor has
no interest in the property over which the parties are in dispute).

12.     For any claims or parties not subject to jurisdiction under 28 U.S.C. § 1334,
supplemental jurisdiction lies under 28 U.S.C. § 1367 because all claims against all parties in the
NACG Action form part of the same case or controversy.

**Compliance with Procedural Requirements for Removal**

13.     Under Bankruptcy Rule 9027(a)(2), an action pending at the time a bankruptcy case
is commenced – such as the NACG Action – may be removed "within the *longes*t of; (A) 90 days
after the order for relief in the case under the Code; (B) 30 days after entry of an order terminating
a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code; or
(C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days
after the order for relief.  Fed. R. Bank. P. 9027(a)(2) (italics added).  The NACG Action was
already pending when the Bankruptcy Case commenced, and is subject to the automatic stay under

4

Section 362. Accordingly, this notice of removal is timely to effectuate removal of the NACG Action.

14.  Pursuant to Bankruptcy Rule 9027: (a) this Notice of Removal is being filed with the clerk for the district and division within which the NACG Action is pending; (b) this Notice of Removal is signed pursuant to Fed. R. Bankr. P. Rule 9011; (c) the Trustee, on behalf of the Removing Defendant, states that the NACG Action is a core proceeding, but if it is determined to be non-core Removing Defendant nevertheless consents to entry of final orders or judgment by the Bankruptcy Court; (d) this Notice of Removal is timely filed; (e) this Notice of Removal is accompanied by a copy of all process and pleadings filed to date in the NACG Action, (f) Removing Defendant has contemporaneously filed a copy of this notice with the Clerk of the Supreme Court of the State of New York, County of New York and shall promptly serve a copy of this Notice of Removal upon Plaintiff's counsel.

15.  Subsequent to removal, the NACG Action should be referred to the United States Bankruptcy Court for the Southern District of New York in accordance with the District Court's Amended Standing Order of Reference, General Order No. M-10-468 (S.D.N.Y. entered Feb. 1, 2012) (Preska, C.J.).

16.  The Trustee, on behalf of the Removing Defendant, expressly reserves the right to raise all claims, defenses and counterclaims that may be available in the NACG Action after removal.

WHEREFORE, the Removing Defendant removes the NACG Action from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York, and requests that the matter be referred to the Bankruptcy Court in connection with the Bankruptcy Case pending for the Removing Defendant.

5

Dated: October 1, 2020
       New York, New York

**PRYOR CASHMAN LLP**

By: _/s/ Richard Levy, Jr._
        Richard Levy, Jr.
        Conrad K. Chiu
        Andrew S. Richmond
7 Times Square
New York, NY 10036-6569
Tel. (212) 421-4100
Fax. (212) 326-0806
Email: rlevy@pryorcashman.com
        cchiu@pryorcashman.com
        arichmond@pryorcashman.com

*Attorneys for Megan E. Noh,*
*Chapter 11 Trustee of Removing Defendant P8H,*
*Inc. d/b/a Paddle 8*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE NEW AMERICAN CINEMA GROUP, INC,

Index No. _____

*Plaintiff*,

- against -

**SUMMONS**

P8H, INC. d/b/a PADDLE8, VALENTINE
UHOVSKI, RAMESHKUMAR GANESHAN,
and MICHAEL MCCLELLAN,

*Defendants*.

To:  P8H, Inc. d/b/a Paddle8                     Mr. Valentine Uhovski
     107 Norfolk Street                          107 Norfolk Street
     New York, New York 10002                    New York, New York 10002

     Mr. Rameshkumar Ganeshan                    Mr. Michael McClellan
     107 Norfolk Street                          107 Norfolk Street
     New York, New York 10002                    New York, New York 10002

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Pursuant to CPLR 503(a), Plaintiff designates New York County as the place of trial.

Dated: New York, New York
       2020-March-10

**OLSOFF CAHILL COSSU LLP**

By:  _____*s/ Paul Cossu*_____
     Paul Cossu
     John R. Cahill
     Jonathan A. Olsoff
     1285 Avenue of the Americas
     New York, New York 10019
     212-719-4400

     *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE NEW AMERICAN CINEMA GROUP, INC,

      *Plaintiff*,

 - against -

P8H, INC. d/b/a PADDLE8, VALENTINE
UHOVSKI, RAMESHKUMAR GANESHAN,
and MICHAEL MCCLELLAN,

      *Defendants*.

Index No. _____

**COMPLAINT**

 Plaintiff, The New American Cinema Group, Inc. ("NACG"), a not-for-profit New York

corporation, by its attorneys, Olsoff | Cahill | Cossu LLP, as and for its Complaint against

Defendants P8H, Inc., d/b/a Paddle8 ("Paddle8"), Valentine Uhovski ("Uhovski"),

Rameshkumar Ganeshan ("Ganeshan"), and Michael McClellan ("McClellan") (collectively,

"Defendants"), alleges as follows:

**NATURE OF THE ACTION**

 1.  This action seeks (a) money damages, including payment of all sums due and

owing to NACG, and (b) appointment of a receiver, in connection with Paddle8's willful default

of its payment obligations to NACG stemming from a charity art auction (the "Charity Auction")

that Paddle8 hosted months ago. Paddle8, however, has withheld—and appears to have spent—

the sale proceeds from NACG, despite Defendants acknowledging that Paddle8 has received

payment from the buyers of the art, and promising to make payment on multiple occasions. On

information and belief, Defendants have misappropriated the funds Paddle8 received from the

Charity Auction, which they were obligated to hold in trust for the NACG, and used those funds

to perpetuate a Ponzi scheme designed to defraud the NACG and keep Paddle8 operating—it is

conducting more charity auctions as of the date hereof—in violation of New York law.

## PARTIES AND JURISDICTION

2.      Plaintiff The New American Cinema Group, Inc. is a duly organized New York not-for-profit corporation with its principal place of business located at 475 Park Avenue South, New York, New York 10016. The NACG is an artist-run organization founded in 1961 in New York City, which holds the world's largest collection of avant-garde and experimental films, and supports the preservation, promotion and distribution of alternative, non-commercial films.

3.      Defendant P8H, Inc., d/b/a Paddle8, is a Delaware corporation with its principal place of business located at 107 Norfolk Street, New York, New York 10002.

4.      On information and belief, Defendant Valentine Uhovski is an individual residing in the State of New York, who was the Chief Executive Officer of Paddle8 at all relevant times.

5.      On information and belief, Defendant Rameshkumar Ganeshan is an individual residing in the State of New York, who was the Financial Controller of Paddle8 at all relevant times.

6.      On information and belief, Defendant Michael McClellan is an individual residing in the State of New York, who was the Director of Operations of Paddle8 at all relevant times.

7.      This Court has personal jurisdiction over Defendants pursuant to CPLR 301 and 302(a).

8.      Venue is proper in this county pursuant to CPLR 501 and 503.

2

## FACTS

9.    This action concerns Paddle8's sale of multiple artworks (the "Artworks") that were consigned to Paddle8 by artists and artists' estates, via the NACG, for the Charity Auction.

10.    On or about 2019-January-08, NACG agreed to consign the Artworks to Paddle8 for the Charity Auction pursuant to a "Online Benefit Auction Agreement."

11.    The Online Benefit Auction Agreement was signed by Defendants McClellan and Ganeshan.

12.    On information and belief, Defendants were aware, based on three prior charity auctions it had held for the NACG, that the Artworks consigned by the NACG were from artists or artists' estates.

13.    Following each of the three prior charity auctions that were held by Paddle8 for the benefit of NACG, NACG received the sale proceeds from each auction within one month following the close of the auction.

14.    The Charity Auction was hosted on Paddle8's website from 2019-November-04 to 2019-November-18.

15.    During the Charity Auction, and as a result of sales made shortly thereafter, over 30 Artworks were sold by Paddle8.

16.    Paddle8 has received payment for all of the Artworks that were sold.

17.    Despite the Charity Auction having concluded four months ago, Paddle8 has failed to make any payment to NACG for the Artworks sold.

18.    On multiple occasions, the NACG inquired as to when it could expect payment for the sales that were made by Paddle8.

3

19.     In response to those inquiries, Paddle8, via McClellan and others, assured the NACG that payment would be made shortly.

20.     NACG has received communications from purchasers who paid Paddle8 months ago, inquiring as to when Artworks would be delivered.

21.     On or about 2020-February-20, representatives of NACG went to Paddle8's offices to demand payment of the Artwork sale proceeds collected by Paddle8.

22.     On or about 2020-February-20, McClellan represented to the NACG that payment would be made no later than 2020-February-24, and alluded to a "loan" being taken out to pay the NACG.

23.     In reliance upon Defendant McClellan's assurance of payment, the NACG provided its wire instructions to Defendants.

24.     On information and belief, Paddle8 was insolvent prior to the Charity Auction.

25.     On information and belief, Defendants knew that Paddle8 was insolvent prior to the Charity Auction, but nonetheless accepted the consignment of the Artworks to Paddle8 with the intention of selling the Artworks and using the sale proceeds for Defendants' benefit.

26.     Defendants have acknowledged their obligation to make payment to NACG for the Artworks, but they have failed—without any legal or other justification—to make the required payments.

### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)
### (AGAINST DEFENDANT PADDLE8)

27.     NACG repeats and realleges the allegations set forth in Paragraphs 1 through 26 above.

28. NACG and Paddle8 were parties to a contract that concerned NACG's consignment of Artworks to Paddle8 for sale via the Charity Auction.

29. NACG and Paddle8 agreed to all the terms of the contracts.

30. NACG has performed all of its obligations under the contracts.

31. The contract required Paddle8 to remit payment to NACG for the Artworks purchased through the Charity Auction.

32. Paddle8 breached the contract by failing to remit payment to NACG for the Artworks.

33. NACG has suffered damages in amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)
### (AGAINST ALL DEFENDANTS)

34. NACG repeats and realleges the allegations set forth in Paragraphs 1 through 33 above.

35. NACG consigned the Artworks to Paddle8 for sale.

36. Paddle8 acted as the agent of NACG by virtue of NACG's consignment of the Artworks to Paddle8, and Paddle8's retention of the proceeds from the sale of the Artworks.

37. Paddle8 and its officers and employees owed and owe a fiduciary duty to NACG.

38. On information and belief, Defendants Uhovski, McClellan, and Ganeshan induced Paddle8 to breach its fiduciary duty to NACG by diverting the proceeds from the Charity Sale away from the NACG.

39. On information and belief, Defendants breached their fiduciary duties to NACG by wrongfully retaining the proceeds from the sale of Artworks and using such proceeds for Defendants' benefit.

20-01228-scl Doc 181 Filed 10/02/20 Entered 10/02/20 01:25:45 Main Document
Pg 13 of 34

40.     NACG has been damaged by Defendants' misconduct, in an amount to be determined at trial.

41.     Defendants' tortious and egregious conduct was intended to wrongfully enrich themselves, and to deliberately and willfully injure the NACG in wanton disregard of the NACG's rights and Defendants' civil obligations. The NACG is, therefore, entitled to an award of punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF ARTICLE 12 OF NEW YORK'S ARTS AND CULTURAL AFFAIRS LAW)
### (AGAINST ALL DEFENDANTS)

42.     NACG repeats and realleges the allegations set forth in Paragraphs 1 through 41 above.

43.     Section 12.01(1) of New York's Arts and Cultural Affairs Law ("NYACAL") provides that:

(a) Whenever an artist or craftsperson, or a successor in interest of such artist or craftsperson, delivers or causes to be delivered a work of fine art, craft or a print of such artist's or craftsperson's own creation to an art merchant for the purpose of exhibition and/or sale on a commission, fee or other basis of compensation, the delivery to and acceptance thereof by the art merchant establishes a consignor/consignee relationship as between such artist or craftsperson, or the successor in interest of such artist or craftsperson, and such art merchant with respect to the said work, and:

(i) such consignee shall thereafter be deemed to be the agent of such consignor with respect to the said work;

(ii) such work is trust property in the hands of the consignee for the benefit of the consignor;

(iii) any proceeds from the sale of such work are trust funds in the hands of the consignee for the benefit of the consignor;

(iv) such work shall remain trust property notwithstanding its purchase by the consignee for his own account until the price is paid in full to the consignor; provided that, if such work is resold to a bona fide third party before the consignor has been paid in full, the resale proceeds are trust funds in the hands of the consignee for the benefit of the consignor to the extent necessary to pay any balance still due to the consignor and such trusteeship shall continue until the

fiduciary obligation of the consignee with respect to such transaction is discharged in full;  and

(v) such trust property and trust funds shall be considered property held in statutory trust, and no such trust property or trust funds shall become the property of the consignee or be subject or subordinate to any claims, liens or security interest of any kind or nature whatsoever of the consignee's creditors.

44.     Paddle8 is an art merchant.

45.     By virtue of receiving works of fine art from an artist, or a successor in interest of an artist, Paddle8 is deemed to be the agent of such consignor.

46.     The Artworks were trust property in the hands of Paddle8 for the benefit of the consignor, NACG.

47.     The proceeds from the sale of the Artworks are trust funds in the hands of the Paddle8 for the benefit of the consignor, NACG.

48.     Defendants violated NYACAL by failing to treat the trust funds identified in Section 12.01(1)(a) in accordance with the requirements of fiduciaries in Section 11-1.6 of New York's Estates, Powers and Trusts law.

49.     Defendants are liable to NACG for damages caused by their breach, in an amount to be determined at trial, including NACG's reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
### (FRAUDULENT INDUCEMENT & CONCEALMENT)
### (AGAINST DEFENDANTS PADDLE8, MCCLELLAN, AND GANESHAN)

50.     NACG repeats and realleges the allegations set forth in Paragraphs 1 through 49 above.

51.     NACG consigned the Artworks to Paddle8 based upon representations by Defendants that Paddle8 was solvent and would remit the proceeds from the Charity Auction to NACG.

7

52.     On information and belief, at the time Defendants made those representations, they knew they were false.

53.     On information and belief, Defendants knew that Paddle8 was insolvent, and would not be remitting the proceeds from the sale of the Artworks to NACG, following the Charity Auction.

54.     Notwithstanding that Defendants knew that Paddle8 was insolvent and would be unable to pay the proceeds from the sale of any Artworks to NACG, Defendants induced the NACG to allow Paddle8 to continue to offer for sale, and collect payment for, Artworks that had gone unsold at the Charity Auction.

55.     On information and belief, Defendants intended to misappropriate the funds received from the sale of the Artworks, including for payments to Defendants Uhovski, McClellan, and Ganeshan.

56.     Following the Charity Auction, Defendants continued to misrepresent that payment of the Artworks' sale proceeds would be made to NACG.

57.     On information and belief, Defendants' concealed and misrepresented Paddle8's finances in order to forestall the NACG from taking action against Defendants, and to allow Defendants to continue to induce other charities to consign property to Paddle8.

58.     Defendants are liable to NACG for damages caused by their fraud, in an amount to be determined at trial.

59.     Defendants' tortious and egregious conduct was intended to wrongfully enrich themselves, and to deliberately and willfully injure the NACG in wanton disregard of the NACG's rights and Defendants' civil obligations. The NACG is, therefore, entitled to an award of punitive damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF GENERAL BUSINESS LAW § 349 & 350)
### (AGAINST PADDLE8)

60. NACG repeats and realleges the allegations set forth in Paragraphs 1 through 59 above.

61. Paddle8 presents and markets itself as a consumer-friendly and socially-conscious website.

62. Paddle8's website boasts that "Paddle8 makes buying and selling fine art and collectibles online an easy, secure, and efficient experience."

63. With regard to charity auctions, Paddle8's website specifically pronounces that "Our Benefit Auctions are sourced by our socially-minded partners. Hosted on our platform, they raise funds for vital causes and allow buyers to collect with a purpose."

64. On information and belief, Paddle8's statements are specifically intended to induce consumers into bidding for art with the belief that the funds from any property that they purchase will be delivered to Paddle8's "socially-minded partners."

65. The "business of an auctioneer" such as Paddle8 "has always been affected with a public interest."

66. Paddle8's claims that it uses best in class technology to provide consumers with a "secure" buying and selling experience at auction are false and misleading.

67. On information and belief, Paddle8 used, and is continuing to use, the money generated by selling consumers' artworks—*including those donated by artists for charity*—to operate a failing business whose executives appear to be abandoning it.

68. On information and belief, other consumers and non-profits that have consigned property to Paddle8 have not been received the sale proceeds from such sales by Paddle8.

69.     Paddle8's statement that its benefit auctions "raise funds for vital causes and allow buyers to collect with a purpose" is false and misleading as the funds transferred by consumers to Paddle8 often do not go to the "vital causes" claimed by Paddle8.

70.     NACG relied on Paddle8's misleading conduct and statements in consigning the Artworks to Paddle8.

71.     Paddle8's misleading claims and practices were material in inducing the NACG to enter into the Online Benefit Auction Agreement and consign the Artworks to Paddle8.

72.     NACG, a not-for-profit, has been damaged by the misleading representations of Paddle8 and other consumers, including other charities, are continuing to be damaged as of the date of this filing.

73.     NACG has been damaged by Defendants' misconduct, in an amount to be determined at trial.

**WHEREFORE,** NACG demand judgment in their favor awarding NACG:

(a)    compensatory damages in an amount to be determined at trial;

(b)    an accounting of any and all sales of the Artwork made by Paddle8;

(c)    an injunction prohibiting Paddle8 from using funds raised from the sale of artworks belonging to, or sold by, other consumers and charities for Paddle8's operating expenses;

(d)    appointment of a receiver to preserve and distribute any assets of Paddle8;

(e)    punitive damages in an amount to be determined at trial;

(f)    costs and disbursements in connection with this action, including attorneys' fees;

(g)    costs, including reasonable attorneys' fees, and

(h)    such other and further relief as the Court deems just and proper.

Dated: New York, New York
2020-March-10

**OLSOFF CAHILL COSSU** LLP

By:        *s/ Paul Cossu*
Paul Cossu
John R. Cahill
Jonathan A. Olsoff
1285 Avenue of the Americas
New York, New York 10019
212-719-4400

*Attorneys for Plaintiff*



700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500 • www.kaclllp.com

March 17, 2020

**Via NYCEF**

Hon. Martin A Tingling
Clerk of the Supreme Court
60 Centre Street
New York, New York 10007

     Re:    *The New American Cinema Group Inc. v. P8H, Inc. d/b/a Paddle 8, Valentine
Uhovski, Rameshkumar Ganeshan and Michael McClellan*
Supreme Court, New York County, Index No. 651594/2020

            *In re P8H, Inc. d/b/a Paddle 8,* United States Bankruptcy Court, S.D.N.Y.,
Chapter 11 Case No. 20-10809 (smb)

# <u>Notice of Bankruptcy Filing</u>

Dear Honorable Judge Tingling:

     My law office, Kirby Aisner & Curley LLP, represents P8H, Inc. d/b/a Paddle 8 in the
its chapter 11 bankruptcy case filed on March 16, 2020. Attached for your reference is proof
of filing.

     I am writing to respectfully advise the Court that all proceedings in the above-reference
civil action are automatically stayed as to all defendants pursuant to 11 U.S.C. §362(a), *In re
North Star Contracting Corp.*, 125 B.R. 368 (Bankr. S.D.N.Y 1991), and *In re Lomas
Financial Corp.*, 117 B.R. 64 (Bankr. S.D.N.Y. 1990).

     Plaintiff's counsel has advised us in writing that he does not intend to respect the
automatic stay. We intend to file a motion seeking a ruling from the Bankruptcy Court
concerning enforcement of the automatic stay.

               Respectfully submitted,

               Erica Aisner, Esq.

EA/dk
Encl.

cc:    Paul Cossu, Esq.

BANKRUPTCY • REAL ESTATE • COMMERCIAL TRANSACTIONS

United States Bankruptcy Court
Southern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 11 of the United States Bankruptcy Code,
entered on 03/16/2020 at 4:14 PM and filed on 03/16/2020.

**P8H, Inc.**
107 Norfolk Street
New York, NY 10002
Tax ID / EIN: 81-5071415
*dba* **Paddle 8**



The case was filed by the debtor's attorney:

**Dawn Kirby**
Kirby Aisner & Curley, LLP
700 Post Road
Suite 237
Scarsdale, NY 10583
914-401-9500

The case was assigned case number 20-10809-smb to Judge Stuart M. Bernstein.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page http://ecf.nysb.uscourts.gov or at the Clerk's Office, One Bowling Green, New York, NY
10004-1408.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Vito Genna**
**Clerk, U.S. Bankruptcy Court**

| **PACER Service Center** |
|:---:|
| **Transaction Receipt** |

| PACER Login: | dkirby12 | Client Code: | p8 |
| --- | --- | --- | --- |
| Description: | Notice of Filing | Search Criteria: | 20-10809-smb |
| Billable Pages: | 1 | Cost: | 0.10 |



DEMOVSKY LAWYER SERVICE
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
THE NEW AMERICAN CINEMA GROUP, INC.,

Index No. 651594/2020

       *Plaintiff,*

**AFFIDAVIT OF SERVICE**

    -against-

P8H, INC. d/b/a PADDLE8, et al.,

       *Defendants.*
------------------------------------------------------------X
STATE OF NEW YORK  }
               S.S.
COUNTY OF NEW YORK}

       **TIMOTHY BOTTI**, being duly sworn, deposes and says that he is over eighteen years of age, is employed by the

attorney service, DLS, INC., and is not a party to this action.

       That on the 18th day of August, 2020, at approximately the time of 12:20 pm, deponent served a true copy of the

**SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING** upon **MR. VALENTINE UHOVSKI** at 816A 5th Avenue,

Brooklyn, NY 11232, by personally delivering and leaving the same with **MR. VALENTINE UHOVSKI** at that address.  At the time

of service, deponent asked **MR. VALENTINE UHOVSKI** whether he is in active military service for the United States of America

or for the State in any capacity whatever or dependent upon a person in active military service and received a negative reply.

       **MR. VALENTINE UHOVSKI** is a white male, approximately 40 years of age, stands approximately 5 feet 10 inches

tall, weighs approximately 175 pounds with blonde hair and dark eyes with an accent.

**TIMOTHY BOTTI, #0843358**

Sworn to before me this
20th day of August, 2020

NOTARY PUBLIC

JONATHAN RIPPS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RI6109718
Qualified in New York County
My Commission Expires May 17, 2024

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

1 of 1

FILED: NEW YORK COUNTY CLERK 09/08/2020 07:32 PM INDEX NO. 651594/2020

NYSCEF DOC. NO. 5 Case 1:20-cv-08819-CM Document 107-2 Filed 10/02/20 Entered 10/02/20 11:05:45 Main Document RECEIVED NYSCEF: 09/08/2020

Pg 23 of 34

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE NEW AMERICAN CINEMA GROUP, INC,

                              Plaintiff,

- against –

P8H, INC. d/b/a PADDLE8, VALENTINE
UHOVSKI, RAMESHKUMAR GANESHAN,
and MICHAEL MCCLELLAN,

                              Defendants.

Index No. 651594/2020

Mot. Seq. 001

## NOTICE OF MOTION FOR
## EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

**PLEASE TAKE NOTICE** that, upon the September 8, 2020 Affirmation of Matthew D.

Emery, with exhibits annexed, and the accompanying Memorandum of Law, Defendant

Valentine Uhovski, through counsel, will move this Court at the County Courthouse, 60 Centre

Street, New York, New York 10007, Room 130, on October 8, 2020, at 9:30 a.m., or as soon

thereafter as counsel may be heard, for an Order extending the time to respond to the Complaint;

and for such other and further relief as is just and proper; and

**PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR 2214(b), answering

papers, if any, must be served on or before September 24, 2020 and reply papers, if any, must be

served on or before October 7, 2020.

Dated: September 8, 2020
        New York, New York

                              **CONDON & FORSYTH LLP**

                              */s/ Matthew D. Emery*
                              Joseph E. Czerniawski
                              Matthew D. Emery
                              7 Times Square, 18th Floor
                              New York, New York 10036

Tel: (212) 490-9100
Fax: (212) 370-4453

*Attorneys for Defendant Valentine Uhovski*

TO:

**OLSOFF CAHILL COSSU LLP**
Paul Cossu
John R. Cahill
Jonathan A. Olsoff
1285 Avenue of the Americas
New York, New York 10019
212-719-4400

*Attorneys for Plaintiff*

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE NEW AMERICAN CINEMA GROUP, INC,

                                    Plaintiff,

- against –

P8H, INC. d/b/a PADDLE8, VALENTINE
UHOVSKI, RAMESHKUMAR GANESHAN,
and MICHAEL MCCLELLAN,

                                    Defendants.

Index No. 651594/2020

Mot. Seq. 001

## AFFIRMATION OF MATTHEW D. EMERY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

MATTHEW D. EMERY, Esq., being duly sworn, deposes and says:

1.      I am an attorney at the law firm of Condon & Forsyth LLP and represent the Defendant Valentine Uhovski ("Uhovski"), in the above captioned matter. As such, I am familiar with all the facts and circumstances herein.

2.      Our law firm was recently retained to represent Uhovski in this legal matter.

3.      We have requested a brief extension from Plaintiff's counsel on this matter, but they have yet to acknowledge or respond to our request. In light of the current COVID-19 public health crisis and remote working conditions, we require more time to analyze the pleadings and prepare a proper response to this case. Additionally, the Court should be aware that this lawsuit directly relates to an ongoing bankruptcy proceeding, *In re P8H, INC. d/b/a PADDLE 8*, 20-10809 (SMB).  Indeed, the action against the main corporate defendant in this case cannot proceed under the Bankruptcy Code automatic stay provision. *See* 11 U.S. Code § 362.

4.      There has been no previous adjournment or extension granted in this case by either Party or the Court.

5.      For these reasons, we are requesting a brief extension to respond to the Complaint in this action, until October 13, 2020.

Dated: September 8, 2020
       New York, New York

                                        **CONDON & FORSYTH LLP**

                                        */s/ Matthew D. Emery*
                                        Joseph E. Czerniawski
                                        Matthew D. Emery
                                        7 Times Square, 18th Floor
                                        New York, New York 10036
                                        Tel:  (212) 490-9100
                                        Fax:  (212) 370-4453

                                        *Attorneys for Defendant Valentine*
                                        *Uhovski*

**TO:**

        **OLSOFF CAHILL COSSU LLP**
        Paul Cossu
        John R. Cahill
        Jonathan A. Olsoff
        1285 Avenue of the Americas
        New York, New York 10019
        212-719-4400

        *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE NEW AMERICAN CINEMA GROUP, INC,

                Plaintiff,

- against –

P8H, INC. d/b/a PADDLE8, VALENTINE
UHOVSKI, RAMESHKUMAR GANESHAN,
and MICHAEL MCCLELLAN,

                Defendants.

Index No. 651594/2020

Mot. Seq. 001

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

**CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Tel.: (212) 894-6800**

## TABLE OF CONTENTS

STATEMENT OF FACTS ............................................................................................... 1

ARGUMENT ................................................................................................................. 1

CONCLUSION ............................................................................................................... 3

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Pacific Carlton Dev. Corp. v. 752 Pacific, LLC,*
  2007 WL 6875639 (Sup. Ct., Kings Cty., Apr. 25, 2007) .................................................................... 2

*Santos v. City of New York,*
  703 N.Y.S.2d 511 (2d Dep't 2000) ..................................................................................................... 2

**Other Authorities**

N.Y. C.P.L.R. 311 ................................................................................................................................ 1

N.Y. C.P.L.R. 3012(b) ........................................................................................................................ 1

N.Y. C.P.L.R. 2004 ............................................................................................................................. 1

ii

Defendant Valentine Uhovski ("Uhovski") submits this memorandum of law in support of his motion for an extension of time to submit a response to the Complaint filed against it by The New American Cinema Group, Inc ("ACG").

## STATEMENT OF FACTS

Plaintiff filed the instant action with this Court on March 10, 2020, but service was not made upon Uhovski until August 18, 2020 and an Affidavit of Service was not filed on the docket until August 20, 2020. *See* NYSCEF Docs. # 1 and 4. Thus, pursuant to N.Y. C.P.L.R. 3012(b), the deadline to appear in this case is September 8, 2020, which is twenty (20) days from the date of service upon Uhovski.

Counsel for Uhovski was not formally retained until recently. *See* the Affirmation of Matthew D. Emery ("Emery Aff.") at ¶ 2. As such, Uhovski's counsel has requested a brief extension from Plaintiff's counsel on this matter, but they have yet to acknowledge or respond to the request. In light of the current COVID-19 public health crisis and remote working conditions, Uhovski's counsel requires more time to analyze and prepare a proper response to the complaint in this case.

This is the Defendant's first request for an extension in this case. The request for the extension is a good faith attempt to properly respond to a pleading during the midst of the COVID-19 pandemic. As stated, Uhovski's counsel has requested that Plaintiff consent to the extension and the Plaintiff has ignored the request. *See* Emery Aff. at ¶ 3-4.

## ARGUMENT

Uhovski seeks, pursuant to NY CPLR 2004, a brief extension of time to file a response to the Complaint in this action. *See* N.Y. C.P.L.R. 2004 (McKinney)("the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the

1

FILED: NEW YORK COUNTY CLERK 09/08/2020 07:32 PM
INDEX NO. 651594/2020
NYSCEF DOC. NO. 7
RECEIVED NYSCEF: 09/08/2020

20-01228-sgj1 Doc 108 Filed 10/02/20 Entered 10/02/20 11:05:45 Main Document
Pg 31 of 34

expiration of the time fixed."). The standard for granting a motion is for "good cause." Where, as here, a requested extension is not unreasonable and does not cause material prejudice to the opposing party, a court properly exercises its discretion in granting the request. *Santos v. City of New York*, 703 N.Y.S.2d 511, 512 (2d Dep't 2000) (holding that the trial court "providently exercised its discretion in granting the motion" for an extension of time to answer, as the delay was not willful or lengthy and did not cause prejudice to the opposing party).

The requested extension herein is reasonable and should be granted, especially in light of the need for counsel to adequately analyze all the relevant legal issues to properly prepare responsive papers to the Complaint. Additionally, this lawsuit relates directly to a bankruptcy proceeding pending in the Southern District of New York and the action commenced against the main corporate defendant in this case cannot proceed under the Bankruptcy Code automatic stay provision. *See* 11 U.S. Code § 362. Furthermore, the current environment created by the COVID-19 pandemic militate towards granting a reasonable brief extension until October 13, 2020.

Furthermore, ACG will not suffer material prejudice if the deadline is extended to October 13, 2020. The extension does not deny ACG its day in court, and none of the relief that ACG seeks is urgent or time-sensitive. *See Pacific Carlton Dev. Corp. v. 752 Pacific, LLC*, 2007 WL 6875639, at *3 (Sup. Ct., Kings Cty., Apr. 25, 2007) ("[T]he complaint in this action seeks money damages only and plaintiffs have failed to articulate that they would suffer any prejudice were defendants to be granted an extension."). This is also the Defendant's first request for an extension, which should be considered favorably. *See Id.* (granting the defendant's motion to extend the time to answer and noting that "this is the first request by the defendants' for an extension on their behalf.").

## CONCLUSION

For all of the foregoing reasons, Uhovski respectfully request that this Court grant the

motion and extend the time period within which to submit an Answer to this Complaint until

October 13, 2020.

Date:   September 8, 2020
        New York, New York

**CONDON & FORSYTH LLP**

*/s/ Matthew D. Emery*
Joseph E. Czerniawski
Matthew D. Emery
7 Times Square – 18th Floor
New York, New York 10036


*Attorneys for Defendant Valentine Uhovski*

3

**UCS-840**
**(rev. 07/29/2019)**

# REQUEST FOR JUDICIAL INTERVENTION

## New York Supreme COURT, COUNTY OF New York

Index No: 651594/2020       Date Index Issued: 03/10/2020

| | For Court Use Only: |
|---|---|
| | IAS Entry Date |

**CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

The New American Cinema Group, Inc.

-against-

P8H, Inc. d/b/a Paddle8, Valentine Uhovski, Rameshkumar Ganeshan, Michael McClellan

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

| | |
|---|---|
| Judge Assigned | |
| RJI Filed Date | |

---

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☒ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify):

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.*

**REAL PROPERTY:**   Specify how many properties the application includes:
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify):   ☐ Residential   ☐ Commercial
   Property Address:

   *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.*

- ☐ Tax Certiorari - Section:          Block:          Lot:
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify):

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution   [see *NOTE* in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify):

**MATRIMONIAL**
- ☐ Contested

   *NOTE: If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.*

   *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (**UD-13**).*

**TORTS**
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify):
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify):
- ☐ Other Negligence (specify):
- ☐ Other Professional Malpractice (specify):
- ☐ Other Tort (specify):

**SPECIAL PROCEEDINGS**
- ☐ CPLR Article 75 (Arbitration)   [see *NOTE* in **COMMERCIAL** section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify):
- ☐ Other Special Proceeding (specify):

---

**STATUS OF ACTION OR PROCEEDING:**   Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: | 03/10/2020 |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: | 08/18/2020 |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: | |

---

**NATURE OF JUDICIAL INTERVENTION:**   Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined:
- ☒ Notice of Motion    Relief Requested: Extend - Time    Return Date: 10/08/2020
- ☐ Notice of Petition    Relief Requested:    Return Date:
- ☐ Order to Show Cause    Relief Requested:    Return Date:
- ☐ Other Ex Parte Application
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify):

FILED: NEW YORK COUNTY CLERK 09/08/2020 07:32 PM

INDEX NO. 651594/2020

NYSCEF DOC. NO. 6

RECEIVED NYSCEF: 09/08/2020

20-01222-shl Doc 108 Filed 10/02/20 Entered 10/02/20 11:05:45 Main Document

Pg 34 of 34

| RELATED CASES: | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI Addendum (UCS-840A). | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES: | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI Addendum (UCS-840A). | | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties**<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | **Attorneys and/or Unrepresented Litigants**<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined**<br>For each defendant, indicate if issue has been joined. | **Insurance**<br>For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: The New American Cinema Group, Inc.<br>Role(s): Plaintiff/Petitioner | PAUL COSSU, Olsoff Cahill Cossu LLP, 1285 Avenue of the Americas 37th Floor, New York, NY 10019, 646-812-8209, pcossu@pryorcashman.com | ☒ YES ☐ NO | |
| ☒ | Name: P8H, Inc.<br>Role(s): Defendant/Respondent | 107 Norfolk Street, New York, NY 10002 | ☐ YES ☒ NO | |
| ☐ | Name: Uhovski, Valentine<br>Role(s): Defendant/Respondent | MATTHEW EMERY, CONDON & FORSYTH LLP, 7 TIMES SQUARE , NEW YORK, NY 10036, memery@condonlaw.com | ☒ YES ☐ NO | CFC Underwriting Limited |
| ☒ | Name: Ganeshan, Rameshkumar<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☒ | Name: McClellan, Michael<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 09/08/2020

MATTHEW DONALD EMERY
_____
Signature

5500467
_____
Attorney Registration Number

MATTHEW DONALD EMERY
_____
Print Name

*This form was generated by NYSCEF*